## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENITA SMITH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TRANS UNION LLC, EQUIFAX** | : | |
| **INFORMATION SERVICES LLC,** | : | |
| **GENERAL MOTORS FINANCIAL** | : | |
| **COMPANY, INC., and TD BANK N.A.** | : | **NO. 20-4233** |

| | | |
|---|---|---|
| **MICHAEL KAUFFMAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TRANS UNION LLC and NATIONSTAR** | : | |
| **MORTGAGE LLC d/b/a Mr. Cooper** | : | **NO. 21-83** |

| | | |
|---|---|---|
| **VINCENT BENNETT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TRANS UNION LLC and EQUIFAX** | : | |
| **INFORMATION SERVICES LLC** | : | **NO. 21-421** |

### MEMORANDUM OPINION

**Savage, J.**                                                                       **October 14, 2021**

The issue in these Fair Credit Reporting Act (FCRA) actions is whether a consumer reporting agency's simultaneously reporting a zero balance and a past-due pay status of an account is inaccurate and misleading in violation of § 1681e(b) of the FCRA.  No circuit court has addressed the issue.  District courts are divided.  We agree with the majority view that holds that reporting an account closed and a past-due pay status would not mislead a reasonable creditor to believe that there was still an outstanding balance.

Plaintiffs Denita Smith, Michael Kauffman, and Vincent Bennett allege that defendants, two consumer reporting agencies (CRAs), reported inaccurate information about their closed accounts and failed to adequately investigate their complaints that the information was inaccurate.  Specifically, they claim that the information is inaccurate because the CRAs, Trans Union and Equifax, reported their accounts as closed with a Pay Status of past due.  Simply put, they contend it is impossible for an account to be both closed with a zero balance and still be past due.

Trans Union, in its motions for judgment on the pleadings, claims that its reports are accurate and not misleading.[1]  It argues that a reasonable creditor would understand that the pay status reflects the payment history, not the account's current status.  Smith and Kauffman have cross-moved for partial judgment on the pleadings.[2]

We hold that the reports are not inaccurate or misleading.  On the date the accounts were closed with zero balances, each plaintiff had been behind on payments. A reasonable creditor would want to know that status.  Thus, because we find that Trans Union and Equifax's reporting of this information was accurate and not misleading, we shall grant the defendants' motions for judgment on the pleadings and deny plaintiffs' motions.

---

[1] Equifax has joined Trans Union's motion for judgment on the pleadings in the Bennett and Smith cases.  *See Bennett v. Trans Union et al.,* 21-cv-421 (ECF No. 37); *Smith v. Trans Union et al.,* 20-cv-4233 (ECF No. 72).

[2] *Smith v. Trans Union et al.,* 20-cv-4233, Pl.'s Resp. in Opp'n to Def., Trans Union's Mot. for J. on the Pleadings With Pl.'s Partial Cross-Motion for J. on the Pleadings Re: Accuracy, or, in the Alternative, Pl.'s sur Cross-Motion to Amend Compl. (ECF No. 45); *Kauffman v. Trans Union et al.,* 21-cv-0083, Pl.'s Resp. in Opp'n to Co-Defendant Trans Union's Motion for J. on the Pleadings With Pl.'s Partial Cross-Motion for J. on the Pleadings Re: Accuracy (ECF No. 21).

## Background

### *Michael Kauffman*

Kauffman opened a mortgage account with Nationstar Mortgage in June 2011.[3]
On July 6, 2015, the account was "paid in full" and closed.[4]

On December 8, 2018, Kauffman sent a dispute letter to Trans Union claiming
Trans Union was improperly reporting the pay status of his Nationstar account as "late."[5]
On January 9, 2019, Trans Union mailed Kauffman an investigation report informing him
that Nationstar verified his account information was accurate.[6]

The January 9, 2019 investigation report reported his Nationstar account's Pay
Status as ">Account 30 Days Past Due Date<."[7]    It also reported the Balance of the
account as zero and the Date Closed, Date Updated, and Last Payment Made tradelines
as of July 6, 2015.[8]  The Remarks tradeline states the account is "CLOSED."[9]

---

[3] *Kauffman v. Trans Union et al.,* 21-cv-0083, Compl. at ¶ 9 (ECF No. 1) (Kauffman Complaint);
*see also Kauffman v. Trans Union*, 21-cv-0083, Def.'s Mot. for J. on the Pleadings, Ex. B (ECF No. 18-3)
(Kauffman Investigation Report).

[4] Kauffman Compl. at ¶ 9.  Kauffman "does not allege that he was never 30 days past due on the
Account or that he was not 30 days late when the Account was closed," but only that its reporting of his Pay
Status tradeline as 30 days past due is inaccurate and misleading now that his account is closed.  *Kauffman
v. Trans Union,* 21-cv-0083, Def.'s Mot. for Judgment on the Pleadings at 3.  (ECF No. 18-1).

[5] *Kauffman v. Trans Union et al.*, 21-cv-0083, Def.'s Mot. For J. on the Pleadings, Ex. A (ECF No.
18-2).

[6] *See* Kauffman Investigation Report.

[7] Kauffman Compl. at ¶ 11; *see also* Kauffman Investigation Report.

[8] Kauffman Investigation Report.

[9] *Id.*

*Denita Smith*

Smith opened an account with TD Bank in August 2009.[10]  As of April 2014, her account was 30 days past due.[11]  The account was closed a month later on May 8, 2014.[12] Smith also had an account with GM Financial which was opened in April 2014 and closed on July 25, 2016.[13]  By July 2016, this account was 30 days past due.[14]

Two years later, on July 13, 2018, Smith sent a dispute letter to Trans Union claiming it was reporting the Pay Status of her TD Bank and GM Financial accounts incorrectly as "30 Days Past Due."[15]  On September 18, 2018, Trans Union responded that it had investigated her claims and updated only the "Ratings" tradeline of both her TD Bank and GM Financial accounts.[16]  The Consumer Credit Report did not change either account's Pay Status tradeline, which read ">Account 30 Days Past Due Date<."[17] Both accounts reported zero balances and noted in the Remarks sections that they were "CLOSED."[18]  The TD Bank account's Date Updated, Date Closed, and Last Payment

---

[10] *Smith v. Trans Union et al.,* 20-cv-4233, Def.'s Mot. for J. on the Pleadings, Ex. A. (ECF No. 45-1) (Smith Investigation Report).

[11] Smith Investigation Report.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Smith v. Trans Union et al.,* 20-cv-4233, Compl. Ex. A (ECF No. 1-4).

[16] Smith Investigation Report.

[17] *Id.*

[18] *Id.*

Made tradelines all stated May 8, 2014.[19]  The GM Financial account's Date Updated,

Date Closed, and Last Payment Made tradelines were reported as July 25, 2016.[20]

*Vincent Bennett*

Bennett had two student loan accounts with the Oklahoma Student Loan Authority

(OSLA).[21]  As of May 2018, his accounts were 120 days past due.[22]  Both accounts were

closed on June 25, 2018.[23]  When the accounts were closed, they had zero balances.[24]

Bennett provides no explanation why they were closed.

Bennett attached two consumer disclosures from Trans Union to his response to

Trans Union's motion for judgment on the pleadings.  The disclosure dated February 5,

2019, the same date that Bennett claims he received a "credit report" from Trans Union

in his complaint, shows one of his account's pay status reported as ">Account 120 Days

Past Due<."[25]  We assume this is the account Bennett is disputing.

---

[19] *Id.*

[20] *Id.*

[21] It is unclear whether there are one or two accounts at issue.  *Compare Bennett v. Trans Union et al.,* 21-cv-421, Compl. at ¶¶ 8-9 (ECF No. 1) (Bennett Complaint) ("Plaintiff's debt with OSLA arose **from a student loan**.  OSLA closed **the account** on 06/25/2018…") (emphases added) *with* Pl.'s Resp. to Mot. for J. on the Pleadings at 1 ("Trans Union inaccurately reported **two OSLA accounts** on Plaintiff's credit report.  **The two (2) accounts** were identical…") (emphases added).

Based on Bennett's exhibit, he did have two accounts. *See* Pl.'s Resp. to Def.'s Mot. For J. on the Pleadings, Ex. B (Bennett Second Trans Union Consumer Disclosure).  Whenever a plaintiff's "own exhibits contradict [his] allegations in the complaint, the exhibits control." *LeBoon v. Equifax Info. Servs., LLC,* 18-cv-1978, 2020 WL 610450, at *6 (E.D. Pa. Feb. 7, 2020) (quoting *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018) (citations omitted)).

[22] Bennett Second Trans Union Consumer Disclosure.

[23] Bennett Compl. at ¶ 9; Bennett Second Trans Union Consumer Disclosure.

[24] Bennett Compl. at ¶¶ 9-10; *see* Bennett Second Trans Union Consumer Disclosure.

[25] Bennett Second Trans Union Consumer Disclosure.  Adverse credit information is denoted by ">" and "<."  *Id.* at 1.

At some unspecified time, Bennett disputed the accuracy of the Pay Status tradeline with Trans Union.[26]  Upon receipt of the dispute, Bennett claims that Trans Union "transmitted the dispute to OSLA."[27]   Bennett claims that this transmission triggered OSLA's "investigation[] duties" but that it "failed" to conduct a proper investigation.[28]

On August 30, 2019, Bennett sent a letter to Equifax.[29]  In this letter, Bennett claimed that Equifax reported "erroneous and undesired information" with respect to his "DPT ED/OSLA Account" and asked Equifax to correct the information.[30]

After conducting its investigation, Equifax provided Bennett with its report.[31]  In its report, Equifax verified that the information Bennett disputed was accurate.[32]  Equifax, like Trans Union, reported the "Status" of Bennett's OSLA accounts as "Over 120 Days Past Due."[33]  It also reported the Balance, Scheduled Payment Amount, and Amount Past Due as zero dollars.[34]  The Date Closed tradeline reports the accounts were closed in June 2018 and the "Activity Designator" tradeline reflects both accounts are "Paid and

---

[26] Bennett Compl. at ¶ 16.

[27] *Id.* at *¶ 19.*

[28] *Id.*

[29] *Bennett v. Trans Union et al.,* 21-cv-421, Def.'s Uncontested Mot. To Join Co-Def.'s Mot. For J. on the Pleadings, Ex. A (ECF No. 37-2).

[30] *Id.*

[31] *Bennett v. Trans Union et al.,* 21-cv-421, Def.'s Uncontested Mot. To Join Co-Def.'s Mot. For J. on the Pleadings, Ex. B (ECF No. 37-3) (Bennett Equifax Report).

[32] *Id.* at 5-6.

[33] *Id.*

[34] *Id.*

Closed."[35]   The Additional Information tradeline notes that the accounts are "Closed or Paid Account/Zero Balance."[36]

## Legal Standard

In deciding a motion for judgment on the pleadings, we accept as true all the well-pleaded factual assertions in the non-movant's pleadings and disregard all contrary allegations in the movant's pleadings.

As in deciding a motion to dismiss, we consider only the complaint, exhibits attached to the complaint, the answer, and matters of public record. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).   We may also consider documents incorporated by reference in the complaint, *California Pub. Empls.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004), and undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents.  *CitiSteel USA, Inc. v. General Elec. Co.*, 78 F. App'x. 832, 835 n.3 (3d Cir. 2003) (quoting *PBGC v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993)).   Here, we consider the complaints, answers, and the exhibits attached to both Trans Union and Equifax's motions and the plaintiffs' responses.

To succeed on a motion for judgment on the pleadings, the movant must establish that there is no material issue of fact and that he is entitled to judgment as a matter of law.  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988); *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986).   If a material issue of fact arises from the pleadings, the motion must be denied.  *Inst. for Sci. Info., Inc. v. Gordon*

---

[35] *Id.*

[36] *Id.*

*& Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 n.3 (3d Cir. 1991) (citing *Jablonski*, 863 F.2d at 290–91).  The motion can be granted only if the non-movant cannot prevail under any set of facts.  *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

**Analysis**

Plaintiffs, represented by the same attorneys, assert two causes of action under the FCRA.  First, they claim that the CRAs violated 15 U.S.C. § 1681e(b) because they failed to "maintain and/or follow reasonable procedures to assure maximum possible accuracy."[37]  Second, they claim that the CRAs violated 15 U.S.C. § 1681i(a)(1)(A) and (a)(5) when they failed to conduct a good faith investigation and to permanently delete inaccurate information.

As a threshold matter, we must determine whether the reports are inaccurate or misleading.  *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708, 712-13 (3d Cir. 2010).  If they are not, the efficacy of the CRA's investigation is not at issue and our inquiry ends.

A credit report[38] is inaccurate not only if the information is incorrect, but if it is misleading.  *Seamans v. Temple Univ.,* 744 F.3d 853, 865 (3d Cir. 2014).  Literally correct information may be inaccurate if it "creates a misleading impression."  *Id.* (quoting *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008)); *see also Schweitzer v. Equifax Information Solutions LLC*, 441 F. App'x. 896, 902 (3d Cir.

---

[37] Bennett Compl. at ¶ 24; *see also* Kauffman Compl. at ¶ 22; *Smith v. Trans Union et al.*, 20-cv-4233, Compl. ¶ 33 (ECF No. 1).

[38] None of the parties provided an actual credit report for our review. Instead, they rely exclusively on the Consumer Disclosures and Investigation Reports that contain the relevant account information.  So, like other courts in this district, we will rely on these exhibits to evaluate the tradelines at issue.  *See e.g., Bibbs v. Trans Union LLC*, 521 F.Supp.3d 569, 575 (E.D. Pa. 2021).

2011).  The information must be so misleading that it "'can be expected to have an adverse effect.'"  *Seamans,* 744 F.3d at 865 (quoting *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1163 (9th Cir. 2009)).

The accuracy of a credit report is viewed from the perspective of a reasonable creditor who would rely on the information for the purpose of deciding whether to extend credit to the plaintiff.  *Bibbs v. Trans Union LLC*, 521 F. Supp. 3d 569, 575, 577 (E.D. Pa. 2021) (citing *Hernandez v. Trans Union LLC,* No. 19-cv-1987, 2020 WL 8368221, at *3 (N.D. Fla., Dec. 10, 2020)).   In determining whether a report is accurate and not misleading, we review it in its entirety.   *Lacey v. TransUnion, LLC*, No.8:21-cv-519-02, 2021 WL 2917602, at *4 (M.D. Fla. Jul. 12, 2021); *see also Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) (court must look at the credit report objectively and not merely "squint" at one portion); *Samoura v. Trans Union LLC,* 20-cv-5178, 2021 WL 915723 at *5 (E.D. Pa. Mar. 10, 2021) (quoting *Hernandez*, 2020 WL 8368221, at *2-*4).

The plaintiffs argue that the Pay Status tradelines are inaccurate because it is impossible and incorrect for an account to be closed with a zero balance and still be past due.  This perceived inconsistency, according to the plaintiffs, renders the reports not only false on their face but also misleading because it appears they are still late on accounts that had been closed with zero balances.  They claim that the pay status represents the *current* condition of the account. They argue that an account reported as over 30 or 120 days past due will be misinterpreted by the algorithms used by the lending industry to determine a consumer's credit worthiness, negatively impacting their credit scores.

Trans Union counters that the accounts were accurately reported as closed and paid with a historical past due pay status of either 30 or 120 days at the time they were closed.  It asserts that the report "clearly indicates Plaintif[s were], *in the past*, past due in the historical pay status section" and that this "*could not* indicate Plaintiff[s are] 'currently' past due 'each month'" because the reporting states that the accounts were closed and had zero balances.[39]

Stated differently, the parties dispute how a reasonable creditor interprets the Pay Status tradeline.  The plaintiffs claim that Pay Status reflects the current status of the account and Trans Union maintains that it reflects the historical pay status at the time the account was closed.  Thus, we must determine how a reasonable creditor would interpret the Pay Status tradeline.[40]

No circuit court has addressed whether a credit report simultaneously reporting a pay status of "120 days past due" and a balance of zero dollars is inaccurate or misleading under the FCRA.  However, many district courts have.

The majority of district courts have concluded that a closed account's Pay Status does not represent current delinquency and that publishing this information does not

---

[39] *Smith v. Trans Union et al.*, 20-cv-4233, Def.'s Mem. in Supp. of its Motion for J. on the Pleadings at 5 (ECF No. 40-1) (emphases in original).

[40] Plaintiffs cite Trans Union's own document, the Investigation Results, which defines Pay Status as "the current status of the account; how you are currently paying."  *See e.g., Smith v. Trans Union*, 20-cv-4233, Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings, Ex. 1 (ECF No. 45-1). The report also states, on the very same page, in the section "A Note on Credit Report Updates" that for "accounts that have been closed and paid, **Pay Status** represents the last known status of the account."  *Id.* (emphasis in original). Thus, contrary to Plaintiffs' belief, Trans Union's interpretation of Pay Status is correct.

However, because it is unclear whether creditors have access to this information, we will not consider Trans Union's definitions of its terms and, instead, examine only the tradelines.  *See Bibbs,* 521 F. Supp. 3d at 574–75 (holding that the court would not "consider the definition of 'Pay Status' in the investigation results, [or the] the instructions in the 'Note on Credit Report Updates' on how to read the 'Pay Status' field after an account has been closed [because the] information is not provided to a creditor").

render a report inaccurate under the FCRA.[41]   Within our district, some judges have

denied motions for judgment on the pleadings in cases involving the same issue.[42]   On

the other hand, the majority of judges in our district agree that this reporting is not

inaccurate or misleading.[43]

For example, in *Bibbs,* Judge Kearney rejected the theory that a closed account

with a Pay Status of 120 days past due indicated the plaintiff "currently owe[d] past due

payments" because to do so would require him to "ignore" the Date Updated, Date

Closed, Balance, Remarks, and monthly Ratings tradelines that established the account

had been closed years earlier.   521 F. Supp. 3d at 579–80.   Judge Wolson recently

rejected the same theory by concluding that "a reasonable creditor reviewing the report

as a whole would adopt a logical reading of the credit report. . . rather than an illogical

---

[41] *See e.g., Bibbs*, 521 F. Supp. 3d at 576-79 (E.D. Pa. Feb. 23, 2021) (collecting cases); *see also Settles v. TransUnion LLC,* 2020 WL 6900302 (M.D. Tenn. Nov. 24, 2020) (concluding that the "reported information, taken as a whole, is neither inaccurate nor materially misleading" when the report contained payment history showing plaintiff was 120 days late in the months prior to the account's closing date and did not provide any account payment information past that date even though it reported the pay status as 120 days past due); *Hernandez*, 2020 WL 8368221, at \*3-\*4 (concluding that reporting a "pay status" as "120 days past due" for a closed account with a zero balance "would not reasonably mislead a creditor to believe [the plaintiff] is currently past due on this loan").

[42] *See e.g., Muszall v. Trans Union*, No. 20-cv-4201, ECF No. 41 (E.D. Pa. July 15, 2021) (denying motion for judgment on the pleadings where Trans Union's "cogent arguments about [the] reasonable interpretations of the credit report" required factual determinations); *Barrow v. Trans Union LLC,* No. 20-cv-3628, 2021 WL 1424681, at \*5 (E.D. Pa. Apr. 13, 2021) (denying motion for judgment on the pleadings where the "report as a whole [could have] several different, plausible meanings. . . from the perspectives of a typical, reasonable reader and a typical, reasonable creditor").

[43] *See e.g.,Ostrander v. Trans Union LLC,* No. 20-cv-5227, 2021 WL 3271168, at \*12 (E.D. Pa. July 30, 2021) (noting that "the weight of authority holds that an account such as the plaintiff's—which reported a zero-dollar balance, a pay status of 'Account 60 Days Past Due Date,' and December 1, 2013, as the date the account was last updated, the date the last payment was made, and the date the account was closed—is not inaccurate and would not mislead a reasonable creditor into believing that the account is currently past due"); *Samoura,* 2021 WL 915723, at \*5, \*7 (rejecting plaintiff's theory requiring the court "to read in non-existing present tense language into the 'Pay Status' field and ignore the Date Updated field, the Date Closed field, the Balance field, the Remarks field, and the Ratings field to conclude Trans Union reported inaccurate or misleading information" and observing that courts "inside and outside this District also have found nearly identical information to be 'accurate' as a matter of law").

reading. . ." and that plaintiffs' interpretation of Pay Status as reporting the current status of a closed account was illogical when read in conjunction with the other tradelines. *Gibbs v. Trans Union*, *LLC,* No. 21-cv-667, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021).

Here, Trans Union reports that the plaintiffs' accounts are closed and have zero balances. In the Remarks sections, each account is reported as "CLOSED." The reports show that each account's Date Closed matches the Date Updated and Last Payment Made. Bennett's Equifax report is even clearer: it states his accounts are "Paid and Closed," have scheduled payments of zero dollars, and have zero dollars past due.[44]

A creditor, reading the reports in their entirety, would not conclude that when the accounts were closed with zero balances, there were payments outstanding. No reasonable creditor would be misled.

Viewing the reports in their entirety from the perspective of a reasonable creditor, we conclude that the CRAs reported the plaintiffs' information accurately and were not misleading. A potential creditor would want to know an applicant's payment history before extending credit and on what terms.

In short, the reports are neither inaccurate nor misleading. The information is not inconsistent. On the contrary, it is accurate and consistent. On the date these accounts were closed, plaintiffs had been either 30 or 120 days behind on payments.[45]

---

[44] *See* Bennett Equifax Report.

[45] Because the information is neither inaccurate nor misleading, we do not reach the issue of the reasonableness of the CRA's investigation of the dispute. *Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021) (quoting *Collins v. Experian Credit Reporting Serv.*, 494 F. Supp. 2d 127, 135 (D. Conn. 2007)).

## Conclusion

Because the credit reports are not inaccurate or misleading, we shall grant Trans Union and Equifax's motions for judgment on the pleadings and deny Smith and Kauffman's partial motions for judgment on the pleadings.[46]

---

[46] We may, *sua sponte*, grant judgment on the pleadings in favor of a non-moving defendant based on the facts and law presented by a moving defendant when the claims against them are identical and suffer from the same deficiencies. *See Kaetz v. TransUnion*, No. 05-cv-1545, 2006 WL 8451343, at *3 (M.D. Pa. Apr. 26, 2006) (citing *Bryson v. Brand Insulations Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment on the pleadings, *sua sponte*, is not error. The district court may on its own initiative enter an order dismissing the action provided the complaint affords a sufficient basis for the court's action")); *see also Lopez v. City of Santa Ana,* No. 14-01369, 2015 WL 9918408, at *2 (C.D. Cal. Dec. 21, 2015) (citing *Abagninin v. AMVAC Chemical Corp.,* 545 F.3d 733, 742 (9th Cir. 2008)).  Because the reports are accurate and not misleading, plaintiffs' claims against the non-moving defendants fail for the same reasons as they do against Trans Union and Equifax.  Thus, we shall grant judgment on the pleadings in favor of all defendants.